# THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# DOCKET NO. 3:11-cv-000176-FDW

| | |
|---|---|
| HAKISHA E. CRAWFORD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER TO CONDUCT MEDIATION** |
| ) | and |
| RICHARD L. TAYLOR, ) | **ORDER CONTINUING TRIAL** |
| ) | |
| Defendant. ) | |
| ) | |

THIS MATTER is before the Court *sua sponte* concerning the status of this case. On October 18, 2011, after the parties failed to comply with the directive to conduct an initial attorney's conference (see Doc. No. 9, p. 1), the Court entered a Pretrial Order and Case Management Plan setting forth deadlines for this case and calendaring the matter for trial beginning May 14, 2012, (Doc. No. 9).

Although neither party has filed dispositive motions, in assessing the timeliness of this matter for trial, it came to the Court's attention that Plaintiff's complaint is unclear as to whether she is suing Richard L. Taylor in his individual capacity or whether she is suing her former employer, "First Choice Staffing Dba My Brother's House." In fact, a comparison of the caption portion of the Complaint (Doc. No. 2, p. 1) with that portion of the Complaint identifying "Richard L. Taylor" as the only named Defendant (Doc. No. 2, p. 2) does not resolve this uncertainty, nor does a review of the allegations contained therein. Furthermore, the summons is issued to "Richard L. Taylor, Executive Director, First Choice Staffing Dba My Brothers House, 4822 Albemarle Road Suite 105 Charlotte, NC 28205." This is identical to the Defendant identified in Plaintiff's caption.

Nevertheless, the Court will not presume Plaintiff has sued the appropriate party. It is well-

settled case law that although Title VII permits suits against an "employer" within the meaning of that statute, it does not permit suits against individual defendants who are not employers, such as supervisors. Lissau v. S. Food Serv., Inc., 159 F.3d 177, 180–81 (4th Cir.1998). Accordingly, recognizing that both "parties" have appeared pro se and bearing in mind that leave to amend should "be freely given when justice so requires," Fed.R.Civ.P. 15(a), the Court will allow Plaintiff fourteen (14) days to amend her complaint to identify the appropriate party being sued.

The Court also *sua sponte* continues this matter from its trial setting in May to the mixed term beginning September 10, 2012.

IT IS THEREFORE ORDERED that leave of court is granted for Plaintiff to amend her complaint no later than Tuesday, May 8, 2012. The Clerk's is respectfully DIRECTED to mail a copy of this Order to the addresses of record for both "parties."

IT IS SO ORDERED.

Signed: April 24, 2012

Frank D. Whitney
United States District Judge

2

Case 3:11-cv-00135-FDW -DCK   Document 10   Filed 04/24/12   Page 2 of 2