UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:11-cv-00135-FDW-DCK

| | |
|---|---|
| HAKISHA E. CRAWFORD ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | ORDER |
| FIRST CHOICE STAFFING d/b/a MY ) | |
| BROTHER'S HOUSE, ) | |
| ) | |
| Defendant. ) | |
| ) | |

THIS MATTER is before the Court *sua sponte* concerning the status of this case. On April 24, 2012, the Court permitted Plaintiff, who appears *pro se*, to amend her complaint no later than May 8, 2012, to identify the appropriate party being sued. (Doc. No. 10). Plaintiff filed her Amended Complaint on May 8, 2012, adding "First Choice Staffing d/b/a My Brother's House" as an additional party. (Doc. No. 11). On August 28, 2012, approximately 112 days after the filing of the Amended Complaint, the Court entered an order noting that Plaintiff had not prepared summons for the new party named in the Amended Complaint.[1] (Doc. No. 14). The Court ordered Plaintiff to prepare and provide a summons to the Clerk's office "within seven (7) days of this order." In the Order, the Court provided specific notice to Plaintiff—in bold and underlined text to emphasize its point—that "**Failure to abide by this deadline could result in dismissal of the Amended Complaint.**" (Doc. No. 14) (emphasis in original). Plaintiff, however, never submitted a prepared summons to the Clerk's office nor has Plaintiff requested an extension of time for doing so. Frankly, Plaintiff has not filed *any* response or *any*

---

[1] Because Plaintiff appears *pro se*, once she prepared and filed summons, the Clerk would then issue the summons to be served by the U.S. Marshal.

pleading in response to the Order of August 28, 2012.

Consequently, Plaintiff has failed to demonstrate to the Court whether Plaintiff has complied with Rule 4(m), and, even if the newly-named Defendant were timely served, Plaintiff has failed to move for entry of default or otherwise prosecute its claims.

Rule 4(m) of the Federal Rules of Civil Procedure provides, "If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own motion after notice to the plaintiff—must dismiss the action without prejudice . . . ." Rule 41(b) of the Federal Rules of Civil Procedure provides, "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action . . . ." Since no remaining defendant has been served, no defendant is available to make sure a motion. However, "a district court possesses the 'inherent power' to dismiss a case *sua sponte* for failure to prosecute. . . . [S]uch authority derives from 'the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." Eriline Co., S.A. v. Johnson, 440 F.3d 648, 654 (4th Cir. 2006) (quoting Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962)). For these reasons, the Amended Complaint is DISMISSED for failure to comply with Rule 4(m), failure to comply with the Court's order of August 28, 2012, and failure to prosecute.

IT IS THEREFORE ORDERED that Plaintiff's case is DISMISSED *without prejudice* for the reasons stated herein. The Clerk is respectfully DIRECTED to CLOSE THE CASE, terminate all deadlines including trial, and serve a copy of this Order to Plaintiff and the address of record: 1300 Interurban Avenue, Charlotte, North Carolina 28208.

IT IS SO ORDERED.         Signed: January 18, 2013

Frank D. Whitney
United States District Judge